**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RANDY POULSON,<br><br>   Petitioner<br><br>  v.<br><br>WARDEN, FCI SCHUYLKILL,<br><br>   Respondent | **Civil Action No. 19-17642(RMB)**<br><br><br>**AMENDED MEMORANDUM AND ORDER** |

  Pro se Petitioner Randy Poulson, a prisoner confined in the Federal Correctional Institution Schuylkill, in Minersville, Pennsylvania, submitted a letter[1] to this Court seeking good time credit, earned time credit and release to home confinement under the First Step Act. The Court construed the letter as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and administratively terminated the action pending payment of the filing fee or submission of an application to proceed *in forma pauperis*. (Order, ECF No. 3.) Petitioner has now submitted an IFP application and an amended petition. (IFP App., ECF No. 4; Am. Pet., ECF No. 5.) For the reasons set forth below, the Court will

---

[1] The Court maintained Petitioner's letter under seal because it contains private medical information. (Order, ECF No. 3.)

transfer the amended petition to the United States District Court, Middle District of Pennsylvania.

I.  PETITIONER'S LETTER REQUEST AND AMENDED PETITION

Upon pleading guilty to one count of mail fraud in September 2015, Petitioner was sentenced by this Court to a 70-month term of imprisonment and a three-year term of supervised release. (Letter Request, ECF No. 1 at 1.) Petitioner began his term of imprisonment on April 1, 2016, at the Federal Prison Camp Schuylkill, in Minersville, Pennsylvania, where he remains incarcerated today. (Id.) Petitioner asserts that certain provisions of the First Step Act of 2018 make him immediately eligible for certain benefits. (Am. Pet., ECF No. 5.)

First, pursuant to the First Step Act, Petitioner seeks recalculation of his good time credit so that he receives 54 days of good time for every year of incarceration. (Id., Ground One.) Petitioner contends that the Bureau of Prisons ("BOP") was required to recalculate good time credit for federal prisoners by July 19, 2019, and Petitioner has not received his updated calculation. (Id.)

Second, Petitioner asserts the First Step Act provides that a federal inmate can receive pre-release custody to home confinement for up to twelve months, an increase from the six-month limit in place prior to the First Step Act. (Id., Grounds Two and Three.)

Third, Petitioner seeks earned time credits under the First Step Act by participating in recidivism reduction programming or productive activities. (Am. Pet., ECF No. 5, Ground Four.)

II. THE FIRST STEP ACT

The First Step Act of 2018 ("FSA"), enacted on December 21, 2018, contains a program for recidivism reduction that permits federal prisoners to accrue earned time credit, modifies the calculation of good time credits, and contains new eligibility provisions for home confinement. FSA, PL 115-391, December 21, 2018, 132 Stat 5194.

   A.   Request for Calculation of Good time Credit

Section 102(b) of the First Step Act amended 18 U.S.C. § 3624(b) to provide up to 54 days of good time credit for each year of the prisoner's sentence imposed by the court. Pursuant to the FSA, Section 102(b)(2), this provision became effective in mid-July 2019. Jones v. Ortiz, Civ. Action No. 19-451 (RMB), 2019 WL 2376158, at *6 (D.N.J. June 5, 2019).

   B.   Request for 12-month Term of Home Confinement

Section 602 of the FSA amended 18 U.S.C. § 3624(c)(2) by adding "the Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." FSA, PL 115-391, December 21, 2018, 132 Stat 5194.

C. <u>Request for Earned Time Credit</u>

The First Step Act, Section 101, requires the Attorney General, no later than 210 days after the date of enactment of the applicable subsection, to develop a risk and needs assessment system which provides incentives and rewards, including earned time credits, for successful participation in evidence-based recidivism reduction programs or productive activities. <u>Id.</u>

III. JURISDICTION UNDER 28 U.S.C. § 2241

28 U.S.C. § 2241(c)(3) provides that

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
>
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

Habeas jurisdiction under § 2241 is proper where the claim concerns the execution of a prisoner's sentence. <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535-36 (3d Cir. 2012). Because calculation of good time credits and earned time credits affect the duration of a prisoner's sentence, challenges to the BOP's calculation of credits may be brought under § 2241. <u>See</u> e.g. <u>Harris v. Nash</u>, 132 F. App'x 405 (3d Cir. 2005).

"[I]n habeas challenges to present physical confinement … the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004). Thus, jurisdiction over a habeas

4

challenge to present physical confinement is in the district of confinement. United States v. Sheppard, 742 F. App'x 599, 601 (3d Cir. 2018) (per curiam). Petitioner is incarcerated in Minersville, PA, within the Middle District of Pennsylvania.

28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court … the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Although it does not appear that Petitioner has fully exhausted his administrative remedies with the Bureau of Prisons, exhaustion of claims under § 2241 is not jurisdictional.[2] See e.g. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 239 n. 2 (3d Cir. 2005) (excusing failure to exhaust remedies before filing § 2241 petition). Therefore, it is in the interests of justice to transfer this matter to a court having jurisdiction.[3]

**IT IS** therefore on this **5th** day of **November 2019**,

---

[2] The Court reserves the issue of exhaustion of administrative remedies for the transferee court.

[3] The Court reserves Petitioner's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 (ECF No. 1-4) for the transferee court.

5

**ORDRED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that the Clerk, pursuant to 28 U.S.C. § 1631, shall transfer this matter to the United States District Court, Middle District of Pennsylvania; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order on Petitioner by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall close this matter.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**